IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

MICHAEL SCHOENE and
PATRICIA SCHOENE,

        Plaintiffs,

v.                                          Civil Action No. 5:13-CV-95
                                          (BAILEY)

MCELROY COAL COMPANY and
CONSOL ENERGY INC.,

        Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Pending before this Court is Defendants' Motion for Reconsideration and/or to Supplement Motion for Summary Judgment or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) [Doc. 77].

The defendants do not specify whether they are bringing this motion pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals ("Fourth Circuit") has interpreted a motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) where that motion has been filed within the specified time period. **Lee-Thomas v. Prince George's County Public Schools**, 666 F.3d 244 (4th Cir. 2012); **Katyle v. Penn Nat'l Gaming, Inc.**, 637 F.3d 462, 471 n.4 (4th Cir. 2011); see also **Foman v. Davis**, 371 U.S. 178 (1962). Accordingly, the motion will be construed as a Rule 59(e) Motion to Alter or Amend a Judgment. See FED. R. CIV. P. 59(e).

A district court has some discretion when ruling upon a motion to alter or amend a

1

judgment pursuant to Rule 59(e) because the rule does not list specific grounds.  *See* FED. R. CIV. P. 59(e).  However, given the extraordinary relief sought in a motion to amend or alter a judgment, there are four basic grounds upon which such a motion is granted: (1) it is necessary to correct manifest errors of law or fact upon which the judgment is based, (2) there is newly discovered evidence, (3) it is necessary to prevent manifest injustice, or (4) there has been an intervening change in controlling law.  11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d. ed. 1995).

The defendants do not claim newly discovered evidence or an intervening change in controlling law.  Rather, they base their Motion on the argument that they believe this Court's ruling to be wrong.  The arguments offered are primarily a recap of the arguments made in connection with defendant's Motion for Summary Judgment [Doc. 37].  While this Court is sorely tempted to summarily deny the Motion, this Court will address some of the arguments raised and re-raised by the defendants.

First, the defendants argue that this Court effectively granted summary judgment as to defendants' "complete affirmative defense."  The defendants moved for summary judgment, asserting that they had a complete affirmative defense to the plaintiffs' common law claims.  This Court denied that aspect of the Motion [Doc. 73].  Now, because the defendants did not prevail, they contend that they were denied the opportunity to address the issue.  The defendants fully addressed the issue and did not prevail.

The defendants next argue that the plaintiffs conceded the issue.  This is true.  However, Courts are not bound to accept as controlling stipulations as to questions of law.  ***Sanford's Estate v. Comm'r. of IRS***, 308 U.S. 39 (1939); ***Ross v. Early***, 746 F.3d 546,

565, n. 2 (4th Cir. 2014) (Wynn, J. dissenting).

Next, the defendants point out the decisions of **Giza v. Consolidation Coal Co.**, (Unpublished), *aff'd*, 972 F.2d 339, 1992 WL 190861 (4th Cir. 1992) (Table), and **Sendro v. Consolidation Coal Co.**, 1991 WL 757723 (N.D. W.Va. March 27, 1991), attached to defendants' original Motion as Exhibits F and E, respectively [Doc. 37-6 & 5] and previously considered by this Court. To the extent that the decision rejects the issue of the contemplation of the parties at the time of the execution of the waiver, this Court respectfully disagrees with **Giza**.

In **Sendro**, the plaintiffs had entered into a new agreement to govern compensation for surface damage. The issues in that case were negligent mining, breach of the damage contract, and fraud in the inducement of the damage contract. The decision does include a discussion of the changed circumstances, but this Court respectfully disagrees with the analysis.

As the defendants concede, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." **Camreta v. Greene**, 563 U.S. 692 n. 7 (2011).

The defendant then again cites **Rose v. Oneida Coal Co.**, 180 W.Va. 182, 375 S.E.2d 814 (1988). There is no indication in that decision that the coal was being removed by the longwall method, rather than the room and pillar method. There is no discussion concerning any changed method of mining. Accordingly, **Rose I** has no bearing. **Rose II**, (**Rose v. Oneida Coal Co.**, 195 W.Va. 726, 466 S.E.2d 794 (1995)), found that "[n]either the West Virginia Surface Coal Mining and Reclamation Act, W.Va. Code, 22A–3–24(b)

3

(1985) [now W.Va. Code, 22–3–24 (1994)], nor its federal counterpart in 30 U.S.C. § 1307 (1977) of the Surface Mining Control and Reclamation Act relating to the replacement of surface water, is applicable to the operation of an underground coal mine." Syl. Pt. 3, *Id*.

The defendants next point out that the vacated case of ***Phillips v. Old Ben Coal Co.***, 1991 WL 4720 (Ill.App. January 18, 1991), was disagreed with by a later decision. Contrary to defendants' assertion, this Court did not rely on the case as precedent, but rather stated that it agreed with Judge Rarick's analysis.

Finally, the defendants alternatively request this court to certify this case for interlocutory appeal under 28 U.S.C. § 1292(b). As a general rule, appellate jurisdiction under federal law is limited to review of final judgments. 28 U.S.C. § 1291. The United States Court of Appeals for the Fourth Circuit has stated that the underlying principle of the final judgment review is that "piecemeal review" of district court orders short of final judgments on the merits should be avoided, because these orders "can be effectively and more efficiently reviewed together in one appeal from the final judgments." ***James v. Jacobson***, 6 F.3d 233, 237 (4th Cir. 1993).

This District has stated that "the interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed to provide early review of difficult rulings in hard cases. Rather, an appeal under § 1292(b) is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." ***Carman v. Bayer Corp.***, 2009 WL 2413633 at *2 (N.D. W.Va. Aug. 4, 2009) (Stamp, J.) (internal citations omitted).

One of the limited exceptions to the final judgment rule is found in 28 U.S.C.

§ 1292(b), where a Court, in its sole discretion, may certify an order for interlocutory appeal where such "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* Even with a certified order, appellate jurisdiction is still subject to the appeals court's discretion. *Id.*

Furthermore "the procedural requirements of § 1292(b) are to be strictly construed and applied, and the decision of whether to certify a question for interlocutory appeal is within the discretion of the court issuing the order." *Carman* at *2 (internal citations omitted). The moving party bears "the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

In this case, the Court finds that the issues for appeal do not involve a controlling question of law and will not materially advance the disposition of the litigation. No matter what would occur on appeal, there still will have to be a trial. In addition, an interlocutory appeal at this point will have the effect of unduly delaying the progress of this litigation, which has a trial set for March 8, only thirteen business days from today.

This Court can certainly understand the defendants' concern. Under this Court's decision, companies such as the defendants can no longer utilize a deed or lease provision that is over 100 years old and which covers property that has already been mined once to re-enter the property and destroy the water supplies of the surface properties without having to pay any compensation.

For the reasons stated above, Defendants' Motion for Reconsideration and/or to Supplement Motion for Summary Judgment or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) **[Doc. 77]** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 18, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE